Vaughn Fisher, ISB No. 7624
Jeremiah Hudson, ISB No. 8364
Christopher Brown, ISB No. 9328
FISHER RAINEY HUDSON
950 West Bannock Street, Ste.630
Boise, ID 83702
Telephone: (208) 345-7000
Facsimile: (208) 514-1900
vaughn@frhtriallawyers.com
chris@frhtriallawyers.com
jeremiah@frhtriallawyers.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ARMANDO ROGGIO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ELMORE COUNTY SHERIFF, a public entity; CHIEF DEPUTY MICHAEL BARCLAY, in his official and individual capacity; SERGEANT STEVE BURNETT, in his official and individual capacity,<br><br>Defendants. | Case No.: 1:18-cv-169<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff, Armando Roggio, by and through his counsel of record, FISHER RAINEY HUDSON, and hereby complains and alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the federal civil rights propounded herein pursuant to 28 U.S.C. §§ 1331 and 1343.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants are located in, and all incidents, events and occurrences giving rise to this action took place in, the County of Elmore, Idaho.

## PARTIES

3. At all relevant times, Armando Roggio ("Mr. Roggio") was a resident of Canyon County, Idaho.

4. Defendant Elmore County Sheriff's Office ("Elmore County Sheriff") is a local governmental entity in Elmore County, Idaho.

5. Defendant Deputy Michael Barclay was the Elmore County officer that pulled over Mr. Roggio and the driver of the automobile, Allex Scheuffele ("Mr. Scheuffele"). Deputy Barclay violated Mr. Roggio's constitutional rights by delaying and deviating him without reasonable suspicion.

6. Sergeant Steve Burnett was the Elmore County Patrol Sergeant and canine handler who arrived at the location of the stop. He violated Mr. Roggio's constitutional rights by delaying and deviating him without reasonable suspicion.

7. Elmore County Sheriff, Deputy Michael Barclay and Sergeant Steve Burnett are referred to collectively herein as the "Elmore County Defendants."

## GENERAL ALLEGATIONS

8. On December 14, 2016, shortly before 1:00 a.m., Deputy Barclay pulled over a silver Dodge Journey for speeding. The vehicle was being driven by Mr. Scheuffele, but belonged to Mr. Roggio.

9. After speaking with Mr. Roggio and Mr. Scheuffele, Deputy Barclay returned to his police vehicle and prepared to pull Mr. Scheuffele out of the car to perform sobriety tests.

10. While at his police vehicle, Deputy Barclay radioed to Sergeant Burnett that, "this might be a good one to walk the dog." At this time, Deputy Barclay did not suspect that there were any illegal substances in the vehicle.

11. Deputy Barclay re-approached the vehicle and asked several questions that he had already asked during his first interaction. At this time, he was still waiting for Sergeant Burnett to arrive with the canine.

12. Deputy Barclay visited his police vehicle again. He then returned to perform several tests on Mr. Scheuffele to determine if Mr. Scheuffele was under the influence of drugs or alcohol.

13. During Deputy Barclay's testing Sergeant Burnett arrived on scene.

14. Mr. Scheuffele passed all tests conducted by Deputy Barclay, indicating that he was not under the influence of drugs or alcohol. Deputy Barclay believed that Mr. Scheuffele was safe to continue driving.

15. After all other tests were completed, Deputy Barclay had Mr. Scheuffele blow into his hand in an attempt to detect the scent of alcohol or drugs. No such scents were detected. At this point, Deputy Barclay did not believe there were any illegal substances in the vehicle.

16. Throughout the traffic stop, Deputy Barclay proceeded to question Mr. Scheuffele about whether any illegal substances were inside the vehicle, despite Mr. Scheuffele's responses and demonstrations that he was not currently under the influence.

17. Deputy Barclay and Sergeant Burnett searched Mr. Roggio's vehicle.

18. Deputy Barclay proceeded to repeatedly delay and deviate from the stop's purpose until he found the evidence he was looking for.

19. Mr. Scheuffele and Mr. Roggio were placed under arrest and booked in the Elmore County Jail.

**COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

20. Mr. Roggio pleaded not guilty to all charges, maintaining that the Elmore County officers violated his Fourth Amendment rights.

21. He remained in jail for twenty-one (21) days, until January 4, 2017.

22. During the twenty-one (21) days Mr. Roggio was in jail, he was terminated from his job, and he was unable to provide or care for his pregnant wife and 2-year-old daughter.

23. Following a suppression hearing on April 24, 2017, Mr. Roggio and Mr. Scheuffele's criminal cases were dismissed by motion of the Elmore County Prosecutor on August 28, 2016.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
UNREASONABLE SEIZURE
(42 U.S.C. § 1983 – U.S. Const. Amend IV)
[Against Elmore County Sheriff, Deputy Barclay and Sergeant Burnett]

24. Mr. Roggio hereby incorporates and re-alleges all previous paragraphs of this Complaint as if fully set forth herein.

25. Deputy Barclay and Sergeant Burnett are persons as that term is used under 42 U.S.C. § 1983.

26. Deputy Barclay in his individual capacity and/or as the final decision-making authority on behalf of the Elmore County Sheriff, was acting under the color of law when engaging in the actions set forth in paragraphs 8-23 above.

27. Sergeant Burnett in his individual capacity and/or as the final decision-making authority on behalf of the Elmore County Sheriff, was acting under the color of law when engaging in the actions set forth in paragraphs 8-23 above.

28. The acts described in paragraphs 8-23 above by Deputy Barclay and the Elmore County Sheriff, deprived Mr. Roggio of his right to be free from an unreasonable seizure under the United States Constitution.

29. The acts described in paragraphs 8-23 above by Sergeant Burnett and the Elmore County Sheriff, deprived Mr. Roggio of his right to be free from an unreasonable seizure under the United States Constitution.

30. A seizure of Mr. Roggio's person and property was conducted, authorized, and/or directed by Deputy Barclay and Sergeant Burnett in both their individual capacity and in their capacity as final policy makers for the Elmore County Sheriff.

31. Mr. Roggio's person and property, including but not limited to his vehicle, his cell phone and his cash were seized without lawful authority when they were taken due to the actions of Deputy Barclay and Sergeant Burnett in both their individual capacity and in their capacity as final policy makers for all Elmore County Defendants.

32. The seizure of Mr. Roggio's person and property by, or at the direction of, Deputy Barclay and Sergeant Burnett in both their individual capacity and in their capacity as final policy makers for all Elmore County Defendants, was unreasonable as officers did not have valid consent or reasonable suspicion to prolong the traffic stop or conduct the subsequent search.

33. As a result of the unlawful seizure, Mr. Roggio suffered damages in an amount to be determined at trial.

34. Additionally, due to the wanton and outrageous conduct of Defendants, and each of them, Mr. Roggio asks that punitive damages be imposed against Defendants Deputy Barclay, Sergeant Burnett and the Elmore County Sheriff in amounts to be determined by the enlightened conscience of the jury.

## COSTS AND ATTORNEY FEES

Mr. Roggio's claims arise from violations of 42 U.S.C. § 1983. As an action to enforce this provision and vindicate a violation of civil rights, Mr. Roggio is entitled to an award of reasonable costs of suit and attorney fees in an amount deemed reasonable by this Court pursuant to 42 U.S.C. § 1988 in the event he is the prevailing party.

Mr. Roggio's claims arise from allegations that a state agency or political subdivision and/or individual employees acting in their official capacity on behalf of a state agency or political subdivision acted without a reasonable basis in fact or law.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Mr. Roggio hereby demands a trial by jury on all issues properly tried by a jury in the above-entitled matter.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

a. For general damages in an amount to be proven at trial;

b. For special damages in an amount to be proven at trial;

c. That punitive damages be imposed against Defendants in their organizational and individual capacities according to proof and in an amount to be determined by the enlightened conscience of the jury;

d. For costs of suit, including reasonable attorneys' fees; and

e. For such other and further relief as this Court deems just and equitable.

DATED this 17th day of April, 2018.

FISHER RAINEY HUDSON

*/s/ Jeremiah Hudson*
Attorney for Plaintiff

**COMPLAINT AND DEMAND FOR JURY TRIAL - 6**